**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUDESIA FLANAGAN, | No. 15-17258 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02714-EMC |
| v. | |
| CITY OF RICHMOND; CHRISTOPHER MAGNUS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted May 17, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and SILVER,[**] District
Judge.

Loudesia Flanagan filed suit against the Richmond Police Department, et al.,

alleging violations of federal and state antidiscrimination laws. She claimed that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

she was targeted and then dismissed from her employment based on her Christian faith and, in particular, her disapproval of homosexuality. The district court granted summary judgement for Defendants-Appellees finding that Flanagan had failed to carry her evidentiary burdens. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, although Flanagan's religious speech may have touched on a matter of public concern, *see Tucker v. State of Cal. Dep't of Educ.*, 97 F.3d 1204, 1210 (9th Cir. 1996), Flanagan's Free Speech claim fails under the balancing test established in *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). Even though, "[a]s a private citizen, [Flanagan] is perfectly free to preach vigorously and robustly that homosexuality is a sin," Flanagan's freedom to express such views, in the particular circumstances of this case, gives way in the workplace. *Lumpkin v. Brown*, 109 F.3d 1498, 1501 (9th Cir. 1997). We hold that Defendants' interest in maintaining a discrimination- and harassment-free work environment outweighed any First Amendment interest Flanagan had in expressing her religious views. *See, e.g.*, *Waters v. Churchill*, 511 U.S. 661, 680–81 (1994) (plurality opinion) (finding that employers have a strong interest in minimizing workplace disruptions); *Connick v. Myers*, 461 U.S. 138, 151–52 (1983).

Second, Defendants did not violate Flanagan's Free Exercise rights. Flanagan has not presented a triable issue of fact that would suggest that the Richmond Police Department, or its nondiscrimination policy as applied to her, substantially burdened her free exercise right. *See Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013).

Finally, Flanagan failed to raise a triable issue of fact that could demonstrate that Defendants' proffered reason for firing her was a pretext for unlawful discrimination. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000). "[A] plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Id.* at 1127. Flanagan fails under either standard. Defendants contended that they fired Flanagan because she had discriminated against a lesbian volunteer, made homophobic remarks about that volunteer and others, had lied about both during an internal investigation. Flanagan has not presented triable issues that might lead a reasonable jury to find Defendants' explanation unbelievable or that unlawful discrimination was the more likely reason for her firing. She has only denied in her affidavit that she made such statements or acted as the investigative report

3

describes. This is insufficient. Flanagan's case is largely circumstantial and therefore she was required to "present 'specific' and 'substantial' facts showing that there is a genuine issue for trial." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). Flanagan's affidavit alone does not present substantial facts that, when "considered cumulatively," evidence pretext or even a triable issue. *Id.* (internal quotation mark omitted). Moreover, "[Flanagan] presented no evidence that [Defendants] did not honestly believe [their] proffered reasons" for firing her. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Therefore, her claim fails as a matter of law.

For the foregoing reasons, the district court's summary judgment order is **AFFIRMED**. Flanagan shall bear the costs of this appeal.